# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| ALEXANDRA NELSON,<br>13 Hogarth Circle Apt. H<br>Cockeysville, MD 21030<br>    Baltimore County<br><br>       Plaintiff,<br><br>    v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br>f/k/a NORTHLAND GROUP, LLC,<br>7831 Glenroy Road, Suite 250<br>Edina, MN 55439<br><br>       Defendant. | **Civil Action No. _____**<br><br>**COMPLAINT**<br>**(Unlawful Debt Collection Practices)**<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

ALEXANDRA NELSON ("Plaintiff"), by her attorneys, alleges the following against RADIUS GLOBAL SOLUTIONS, LLC, formerly known as NORTHLAND GROUP, LLC ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff incessantly on Plaintiff's cellular telephone to collect an alleged debt in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter the "FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14–201 *et seq.,* and the Maryland Consumer Protection Act ("MCPA") Md. Code Ann., Com. Law §§ 13-101 *et seq.*

**JURISDICTION AND VENUE**

2. Since Defendant conducts business in the state of Maryland, this Honorable Court has personal jurisdiction over Defendant.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). <u>See also</u> <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**PARTIES**

5. Plaintiff is a natural person residing in Baltimore County, town of Cockeysville, Maryland.

6. Defendant is a limited liability company doing business in the State of Maryland with its principal place of business in Edina, Minnesota. Before April 20, 2018, its business name was Northland Group, LLC and after said date, its business name became Radius Global Solutions, LLC.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

9.  Defendant placed collection calls to Plaintiff's cellular telephone at phone number (443) 617-48XX.

10. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to, (877) 321-4053.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, ALEXANDRA NELSON.

13. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On September 12, 2017, Plaintiff faxed and mailed a cease and desist letter to Defendant. Plaintiff requested that Defendant cease contact with Plaintiff including phone calls to Plaintiff's cellular phone.

17. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her letter to Defendant on September 12, 2017.

18. Despite Plaintiff's request, Defendant began to place collection calls to Plaintiff on January 2, 2018.

19. Defendant continued to place collection calls to Plaintiff, at least, through February 28, 2018.

20. Despite Plaintiff's repeated request that Defendant cease placing automated collection calls, Defendant placed at least one hundred -five (105) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### −15 U.S.C. § 1692 *et seq.*

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

30. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3) and is allegedly obligated to pay a debt.

31. Defendant is a debt collector conducting business in the state of Maryland.

32. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt owed to a third party.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring or engage any person in telephone conversations repeatedly and continuously.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the debt collection after Plaintiff had advised that she was represented by counsel with respect to the disputed debt.

**FOURTH CAUSE OF ACTION -VIOLATIONS OF
THE MARYLAND CONSUMER DEBT COLLECTION ACT ("MCDCA")
AND MARYLAND CONSUMER PROTECTION ACT ("MCPA")
MD. CODE ANN., COM. LAW §§ 14-201 *ET SEQ.* AND §§ 13-101 *ET SEQ.***

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

35. Defendant violated the Maryland Consumer Protection Act based on the following:

    a.  Defendant violated §13-301(14) of the MCPA by continuously failing to comply with the statutory regulations contained within the Maryland Consumer Debt Collection Act, § 14-201 *et seq.*

    b.  Defendant's conduct of repeatedly and continuously calling Plaintiff on her cellular phone, even after Plaintiff required Defendant to cease doing so, was made to harass and abuse the Plaintiff and cause her undue telephone expenses, in violation of §14-202(6) of the MCDCA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALEXANDRA NELSON, respectfully requests judgment be entered against Defendant, RADIUS GLOBAL SOLUTIONS, LLC for the following:

**FIRST CAUSE OF ACTION**

36. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (105), $52,500.00;

37. Actual damages and compensatory damages according to proof at time of trial;

**SECOND CAUSE OF ACTION**

38. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (105), $157,500.00;

39. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

41. Costs of litigation and all reasonably billed attorneys' fees, as a substantive remedy, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

## FOURTH CAUSE OF ACTION

42. Actual damages and compensatory damages according to proof at time of trial;

43. Litigation costs and reasonable attorney's fees, as mandated by applicable MCPA § 13-408(b);

44. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

45. Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated: August 13, 2018                    Respectfully Submitted,

By:  **/s/ Anitra Ash-Shakoor**
Anitra Ash-Shakoor
(Federal Bar No. 18701)
*Attorney for Plaintiff Alexandra Nelson*
Capital Justice
1300 I Street NW, Suite 400E
Washington, DC 20005
Tel. (202) 465-0888
Fax. (202) 827-0089
Email: a.ashshakoor@capitaljustice.com

Pro Hac Vice application to follow
By: */s/ Carlos C. Alsina-Batista*
*Attorney for Plaintiff Alexandra Nelson*
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 206
Corona, CA 92880
Tel. (657) 363-3331
Fax. (657) 246-1311
Email: CarlosA@jlohman.com